IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Tuzon, | ) | No. CV-04-2738-PHX-NVW (LOA) |
| Plaintiff, | ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) | |
| Wanda E Hoffman, et al., | ) ) | |
| Defendants. | ) ) ) | |

This matter arises on Plaintiff's Motion for an Order Directing CO II Gephard to Process Legal Mail to Defendants. (Doc. 59.) Defendants filed a response in opposition to the Motion on June 22, 2006. (Doc. 61.)

**BACKGROUND**

K. Gephart is a Correctional Officer II and the Mail and Property Officer at the Arizona State Prison Complex, Tucson, Santa Rita Unit where Plaintiff is currently housed. (Defendants' Ex. A at 1.) Department Order (DO) 902.11 governs outgoing legal mail. (Defendants' Ex. A, Attachment 1.) Because Santa Rita is a restricted movement yard, Officer Gephart picks up all outgoing legal mail from inmates housed at that unit, and logs and delivers it according to DO 902.11. (Defendants' Ex. A at 2.)

On May 23, 2006, Plaintiff was found guilty of the violating Departmental Policy relating to mail, specifically Plaintiff violated DO 902.11 when he attempted to send mail designated as legal mail, which was not addressed to his attorney of record, a judge, a court of law, or the Attorney General's Office. (Defendants' Ex. A, Attachment 2.) Plaintiff

1    alleges that subsequent to that violation, and in retaliation for filing a grievance against

2    Officer Gephart, Officer Gephart informed Plaintiff that if he sent any more mail to

3    Defendant's attorney, Ms. Pineda, Officer Gephart would file another disciplinary action

4    against Plaintiff.  (Doc. 59 at 2.)  However, in a declaration under oath, Officer Gephart

5    stated that he: 1) never informed Plaintiff that mail to the Arizona Attorney General's Office

6    is not legal mail, 2) never informed Plaintiff that he would be disciplined for submitting

7    legal mail to the Arizona Attorny General's Office, and 3) never failed to process, as legal

8    mail, any document or correspondences sent by Plaintiff to the Arizona Attorney General's

9    Office.  (Defendants' Ex. A at 3.)

10    **<u>ANALYSIS</u>**

11         A request for injunctive relief requires that Plaintiff make a showing of "real or

12    immediate threat" of injury.  <u>Hodgers-Durgin v. De La Vina</u>, 199 F.3d 1037, 1042 (9th Cir.

13    1999) (quoting <u>City of Los Angeles v. Lyon</u>, 461 U.S. 95, 111 (1983)).  Preliminary

14    injunctive relief is available only if Plaintiff shows "(1) a likelihood of success on the merits

15    and the possibility of irreparable injury, or (2) the existence of serious questions going to the

16    merits and the balance of hardships tipping in [the movant's] favor.  These two formulations

17    represent two points on a sliding scale in which the required degree of irreparable harm

18    increases as the probability of success decreases.  <u>MAI Sys. Corp. v. Peak Computer, Inc.</u>,

19    991 F.2d 511, 516-17 (9th Cir. 1993) (internal citations and quotes omitted).  If the movant

20    shows no chance of success on the merits, a preliminary injunction should not be granted.

21    <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987).  A "preliminary

22    injunction is 'an extraordinary remedy, and will not be granted except upon a clear showing

23    of probable success and possible irreparable injury.'" <u>Associated Students, Inc. of California</u>

24    <u>State Univ. - Sacramento v. Nat'l Collegiate Athletic Ass'n</u>, 493 F.2d 1251, 1257 (9th Cir.

25    1974) (internal citations omitted).  Plaintiff must allege an actual injury to have standing to

26    raise a claim based on unconstitutional denial of meaningful access to the courts.  <u>Lewis v.</u>

27    <u>Casey</u>, 518 U.S. 343, 349 (1996).

28

1    Plaintiff fails to establish grounds for a preliminary injunction because he has not

2    given specific facts to demonstrate that he suffers a real threat of irreparable injury.  Lewis

3    518 U.S. at 349; Associated Students, Inc. of California State Univ. - Sacramento, 493 F.2d

4    1257.  Plaintiff alleges that in the future, Officer Gephart will not process his legal mail

5    addressed to Assistant Attorney General Susanna Pineda.  (Doc. 59.)  However, Plaintiff

6    fails to identify any specific piece of legal mail that Ms. Pineda has not received and has

7    failed to allege any actual injury as a result of legal mail not reaching Ms. Pineda.

8    Furthermore, Officer Gephart has sworn that he will continue to process all outgoing legal

9    mail from the Plaintiff that is addressed to the Court, a judge, his attorney of record, or the

10   Attorney General's office in accordance with DO 902.11.  (Respondent's Ex. A.)

11         Accordingly,

12         **IT IS HEREBY RECCOMENDED** that Plaintiff's Motion for an Order Directing

13   CO II Gephard to Process Legal Mail to Defendants (Doc. 59) be **DENIED**.

14         This recommendation is not an order that is immediately appealable to the Ninth

15   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

16   Appellate Procedure, should not be filed until entry of the District Court's judgment.  The

17   parties shall have ten days from the date of service of a copy of this recommendation within

18   which to file specific written objections with the Court.  28 U.S.C. § 636(b)(1); Rules 72,

19   6(a), 6(e), Fed. R. Civ. P.  Thereafter, the parties have ten days within which to file a

20   response to the objections.  Failure timely to file objections to the Magistrate Judge's Report

21   and Recommendation may result in the acceptance of the Report and Recommendation by

22   the District Court without further review.  United States v. Reyna- Tapia, 328 F.3d 1114,

23   1121 (9th Cir. 2003).

24   / / /

25   / / /

26   / / /

27   / / /

28

1    Failure timely to file objections to any factual determinations of the Magistrate Judge

2    will be considered a waiver of a party's right to appellate review of the findings of fact in an

3    order or judgment entered pursuant to the Magistrate Judge's recommendation.  Rule 72,

4    Fed. R. Civ. P.

5    DATED this 24th day of July, 2006.

6

7

8

9                                            Lawrence O. Anderson
                                             United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28